```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

ESTATE OF MILTON ORVAL          §
SUNDBECK, DECEASED;             §
ARVID SUNDBECK; and             §
MILTON O. SUNDBECK, JR.,        §
                                §
    Plaintiffs,                §
                                §
v.                              §     CIVIL ACTION NO. H-09-845
                                §
MARJORIE SUNDBECK,              §
                                §
    Defendant.                 §

## MEMORANDUM AND ORDER

Pending is Plaintiffs Arvid Sundbeck and Milton O. Sundbeck, Jr.'s Motion for Remand and for Costs (Document No. 3). After carefully considering the motion, response, and the applicable law, the Court concludes that the case should be remanded.

### I. Background

Arvid Sundbeck, Milton O. Sundbeck, Jr., and the estate of Milton Orval Sundbeck ("decedent," together with Arvid and Milton, Jr., "Plaintiffs") filed in state court this will contest and action for tortious interference with inheritance rights.[1] According to Plaintiffs, Marjorie Sundbeck ("Defendant") unduly influenced decedent to change his last will and testament and the

---

[1] Document No. 1, ex. 2.A. (Orig. Pet.).

beneficiary designations on decedent's ERISA-governed "retirement plan, [] term life insurance policy, and [] employee savings investment account," thereby disinheriting Plaintiffs.[2]

Decedent was married to Prebble Sundbeck for over fifty years; they had two sons, Arvid and Milton, Jr.[3]  During decedent's employment with Texaco, n/k/a Chevron, he was a participant in a retirement plan, a term life insurance policy, and an employee savings investment account (collectively, the "Chevron accounts")-- all presumably governed by ERISA.[4]  In 2001, decedent and Prebble executed wills (decedent's, the "2001 Will") leaving their respective estates to the Milton O. Sundbeck & Prebble L. Sundbeck Living Trust, which they had established in 1997.[5]  Prebble died first in 2005.[6]  After Prebble's death, according to Plaintiffs, their father began to exhibit symptoms of Alzheimer's and dementia.[7]

---

[2] Document No. 1, ex. 2.A. (Orig. Pet.) at 4-5; Document No. 3 at 1.

[3] Document No. 1, ex. 2.A. (Orig. Pet.) at 2.

[4] Id., ex. 2.A. (Orig. Pet.) at 2-4; Document No. 3 at 1-2. The parties do not dispute that the Chevron accounts were employee benefit plans subject to ERISA.

[5] Document No. 1, ex. 2.A. (Orig. Pet.) at 2.

[6] Id., ex. 2.A. (Orig. Pet.) at 2.

[7] Id., ex. 2.A. (Orig. Pet.) at 2.

In October 2006, decedent met Defendant, and they were married on May 29, 2007.[8] During their brief marriage of eight months, Defendant allegedly unduly influenced decedent (1) to revoke his 2001 Will and execute a new will in May 2007, and another in July 2007, "virtually disinheriting Milton, Jr. and Arvid, and leaving all of [decedent's] estate to [Defendant]"; and (2) to name Defendant as the sole beneficiary of his Chevron accounts in October 2007.[9] Decedent died in February 2008.[10] The administrator of the Chevron accounts apparently disbursed the proceeds of the accounts to Defendant--the newly named designated beneficiary--in March and April.[11] According to Plaintiffs, Defendant began wrongfully liquidating decedent's property and transferring the resulting funds to accounts accessible to Defendant before decedent's death, and she continues to do so.[12]

Based on Defendant's allegedly tortious conduct, Plaintiffs seek (1) a temporary injunction preventing Defendant from transferring, conveying, hiding, or disbursing any funds from accounts containing decedent's property; (2) a declaration that decedent's 2001 Will is his last will and testament, and the later executed

---

[8] Id., ex. 2.A. (Orig. Pet.) at 3.

[9] Id., ex. 2.A. (Orig. Pet.) at 3-4.

[10] Id., ex. 2.A. (Orig. Pet.) at 4.

[11] Id., ex. 2.A. (Orig. Pet.) at 5.

[12] Id., ex. 2.A. (Orig. Pet.) at 3-7.

wills are invalid, and (3) a constructive trust to be imposed on any funds or property Defendant has received on account of her tortious conduct, including funds from the Chevron accounts.[13]

Defendant removed this action on the basis of federal question jurisdiction contending that Plaintiffs' request for the imposition of a constructive trust on the funds Defendant received from the Chevron accounts was *conflict preempted* by section 514(a) of ERISA.[14]  In response to Plaintiffs' Motion for Remand and for Costs, Defendant now contends that Plaintiffs' constructive trust cause of action is *completely preempted* by section 502(a) of ERISA, and thus this Court has federal question jurisdiction.[15]

## II.   Motion to Remand

Cases filed in state court which arise under the "Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  "[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy."  Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 397 (5th Cir. 1998).  Any doubt

---

[13] Id., ex. 2.A. (Orig. Pet.) at 6-7.

[14] Document No. 1.

[15] Document Nos. 3, 6.

4

as to the propriety of the removal is to be resolved in favor of remand.  *See* Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Walters v. Grow Group, Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995) (Harmon, J.).

When a plaintiff's state law claims are completely preempted by federal law, the plaintiff's claims arise under federal law, thereby permitting removal.  *See* Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2494 (2004); Metro. Life Ins. Co. v. Taylor, 107 S. Ct. 1542, 1546 (1987).  State law claims, regardless of how artfully pleaded, that fall within the scope of ERISA's civil enforcement provision, section 502(a), 29 U.S.C. § 1132(a), are completely preempted by ERISA.  *See* Aetna, 124 S. Ct. at 2495; Metro. Life, 107 S. Ct. at 1546-48; Copling v. The Container Store, Inc., 174 F.3d 590, 594 (5th Cir. 1999) (*overruled on other grounds by* Arana v. Ochsner Health Plan, 338 F.3d 433, 440 n.11 (5th Cir. 2003) (*en banc*)).  Complete preemption creates federal removal jurisdiction; that is, state law claims covered by ERISA section 502(a) are "recharacterized" as claims "arising under" federal law and are thus removable to federal court.[16]  Aetna, 124 S. Ct. at

---

[16] On the other hand, section 514(a) of ERISA, 29 U.S.C. § 1144(a), relied upon by Defendant in her Notice of Removal, provides for ordinary conflict preemption of state laws that "relate to" any employee welfare benefit plan.  State law claims that fall outside section 502(a), even though preempted by section 514, follow the well-pleaded complaint rule *and do not confer original or removal jurisdiction*.  *See* Franchise Tax Bd. of the State of Cal. v. Const. Laborers Vacation Trust, 103 S. Ct. 2841, 2853-55 (1983); Giles v. NYLCare Health Plans, Inc., 172 F.3d 332,

5

2495-96; Metro. Life, 107 S. Ct. at 1547; McClelland v. Gronwaldt, 155 F.3d 507, 516-17 (5th Cir. 1998) (*overruled in part by* Arana, 338 F.3d at 440 n.11).

In this case, Defendant now suggests that Plaintiffs' claim seeking a constructive trust is covered by section 502(a)(3) of ERISA, and is therefore completely preempted. *See* Document No. 6 at 10 n.9. ERISA section 502(a)(3) authorizes "a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter [of ERISA] or the terms of the plan, *or (B) to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3) (emphasis added). As one court has explained, the language of section 502(a)(3) makes it "available only when the plaintiff seeks to enforce the provisions of ERISA or the terms of a plan or to redress violations of either." Westfall v. Bevan, No. 3:08-cv-0996-D, 2009 WL 111577, at *9 (N.D. Tex. Jan. 15. 2009); *see also* Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 120 S. Ct. 2180, 2187 (2000) ("[Section] 502(a)(3) admits of no limit . . . on the universe of possible defendants. Indeed, § 502(a)(3) makes no

---

337 (5th Cir. 1999) ("When the doctrine of complete preemption does not apply, but the plaintiff's state law claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the [§ 514] preemption issue can be addressed and resolved.").

mention at all of which parties may be proper defendants--the focus, instead, is on redressing the 'act or practice which violates any provision of [ERISA Title I].'" (quoting 29 U.S.C. § 1132(a)(3)).

Although the constructive trust sought by Plaintiffs is an equitable remedy, it is not the remedy authorized by section 502(a)(3) because Plaintiffs are not seeking "to enforce the provisions of ERISA or the terms of a plan or to redress violations of either." Plaintiffs have not asserted that anyone has violated any of the provisions of ERISA. Nor have Plaintiffs asserted that anyone has violated any of the terms of the plans governing the Chevron accounts. Moreover, Defendant has offered no articulation of how Plaintiffs' claim could be read as asserting that either the provisions of ERISA or the terms of the plans have been violated or need to be enforced. In addition, Defendant has not provided the Court with the subject plan documents or relevant provisions of ERISA in order to establish how the terms of the plan or provisions of ERISA were not followed or how they needed to be enforced. Indeed, there is nothing in the record to suggest that the administrators of the Chevron accounts did not comply with the terms of the plans governing the accounts and provisions of ERISA when Defendant was paid in accordance with the beneficiary designations on the accounts. Instead, Plaintiffs' grievance is based on Defendant's alleged tortious undue influence upon decedent to make

her the beneficiary on the Chevron accounts.  Plaintiffs' claim is not covered by section 502(a)(3), 29 U.S.C. § 1132(a)(3), and is not completely preempted.[17]

Plaintiffs also move for recovery of their attorneys' fees, pointing out that Defendant removed the case the day before the scheduled state court hearing on Plaintiffs' Motion for Preliminary Injunction, a classic indication that the propriety of the removal should be closely examined.  Indeed, after having carefully reviewed the submissions and the file, the Court finds that Defendant admittedly was served with Plaintiffs' Petition as early as February 23, 2009, that Defendant's removal ostensibly was based only on allegations contained in that Original Petition, that the Original Petition, as has been seen above, plainly alleged a will contest and a claim for tortious interference with inheritance rights, not an ERISA case, and that after a month went by, Defendant suddenly removed the case on the *eve* of a scheduled state court hearing on Plaintiffs' Motion for Temporary Injunction to prevent Defendant's further dissipation of the decedent's estate.  Moreover, Defendant removed the case in reliance on 29 U.S.C. § 1144(a), which does not confer removal jurisdiction, *see supra*

---

[17] Likewise, Plaintiffs' claim is not one to recover benefits under section 502(a)(1)(B).  If it were, Plaintiffs would need to sue the plan, the plan administrator, the plan sponsor, or possibly even the participant's (i.e. decedent's) employer.  Quite to the contrary, this is only a tort action brought by Plaintiffs against an individual Defendant based on *her* allegedly wrongful conduct.

note 16; complete preemption under section 502(a) was Defendant's afterthought argument in her opposition to Plaintiffs' remand motion. The combination of a meritless removal and unsavory removal tactics warrants the imposition of fees upon Defendant under 28 U.S.C. § 1447(c).  *See* Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993) ("[W]e hold that the propriety of the defendant's removal continues to be central in determining whether to impose fees.").

The Court finds from Plaintiffs' verified evidence that Plaintiffs incurred reasonable and necessary fees in the amount of $5,000 in successfully moving for this remand, fees that were necessitated by Defendant's improper removal under the untoward circumstances described above.

### III.  Order

Based on the foregoing, it is

ORDERED that Plaintiffs Arvid Sundbeck and Milton O. Sundbeck, Jr.'s Motion for Remand and for Costs (Document No. 3) is GRANTED, and this case is REMANDED to Probate Court No. 4 of Harris County, Texas.  It is further

ORDERED that Plaintiffs Arvid Sundbeck and Milton O. Sundbeck, Jr. have and recover from Defendant Marjorie Sundbeck their attorneys' fees in the amount of FIVE THOUSAND and NO/100 DOLLARS

($5,000.00), which Defendant is ORDERED to pay to Plaintiffs within ten (10) days after the entry of this Order.

The Clerk will mail a certified copy of this Order to the Clerk of the Probate Court No. 4 of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 29th day of May, 2009.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE